IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLEOTHER TIDWELL, )
*also known as* CLEO TIDWELL, N41754, )
)
                                      **Plaintiff,** )
)
vs. )    Civil No. 18-cv-1691-MJR
)
KEVIN KINK, )
LORIE CUNNINGHAM, )
KIMBERLY ULRICH, )
LACY LIVINGSTON, and )
JULIA PETTY, )
)
                                   **Defendants.** )

## **MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

      Plaintiff Cleother Tidwell (a/k/a Cleo Tidwell), an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that allegedly occurred at Lawrence. Specifically, Tidwell contends Lawrence officials engaged in misconduct towards him, and his related grievances have been mishandled. Tidwell commenced this action on August 6, 2018, in the United States District Court for the Southern District of West Virginia. Because venue was improper, the action was transferred to this judicial district pursuant to 28 U.S.C. § 1406(a). This matter is now before the Court for case management.

      Tidwell is a restricted filer in this District, and he would not have been permitted to file this action in this Court. *See Tidwell v. Menard C.C. et al.,* No. 3:16-cv-384-SMY-RJD (Doc. 43). The subject filing ban, issued on August 10, 2017, provides as follows:

> Cleother Tidwell is **SANCTIONED** with a $500 fine, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees owed to this District. The Clerk of Court is **DIRECTED** to return all civil pleadings

1

unfiled until the sanction is paid, and all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court. Documents submitted in connection with an appeal are excluded from the sanction.

(16-cv-384-SMY-RJD, Doc. 43, p. 7). Tidwell appealed the filing ban. *See Tidwell v. Clendenin, et al.,* Appellate Case. No. 17-3020 ("Appellate Case"). But the Seventh Circuit denied Tidwell's Motion for Leave to Appeal *in Forma Pauperis*, finding Tidwell failed to identify "a good faith issue that the district court erred in denying [Plaintiff's] motions and imposing sanctions and a filing ban." (Appellate Case, Doc. 17). Subsequently, on January 10, 2018, the appeal was dismissed for failure to pay the filing fee. (Appellate Case, Doc. 20). Thus, the filing ban remains in place.[1]

Tidwell filed this latest case in the Southern District of West Virginia, a district with no connection to the claims or litigants involved in this case, perhaps in an effort to avoid the filing ban. After all, as Tidwell is well aware, when he attempts to file papers in this District, the staff returns his papers unfiled in accordance with the filing ban.

Notably, this is not the first time Tidwell has employed this tactic. On April 2, 2018, Plaintiff filed a civil rights action in the Western District of Louisiana, bringing claims pertaining to his incarceration at Lawrence. *See Tidwell v. Kink*, No. 18-cv-959-DRH. That action also was transferred to this District for improper venue. On April 18, 2018, the presiding judge administratively closed the case and advised Tidwell that continued attempts to avoid the filing ban might result in additional sanctions. *See Tidwell v. Kink*, No. 18-cv-959-DRH, Doc. 4, p. 3.

---

[1] Although Tidwell is a restricted filer, it was proper for the Clerk of Court to accept the transfer because a judge in the transferor district signed an order transferring the case, and it is not for the Clerk of this Court to refuse to honor such a judicial order. *See Hall v. Stone*, 170 F.3d 706, 708 (7th Cir.1999) ("Even an invalid judicial order must be obeyed until it is stayed or set aside on appeal.").

Plaintiff did the same thing in the Northern District of New York, and that case was transferred to this District and closed on June 6, 2018. *See Tidwell v. John/Jane Does*, No. 18-cv-1811-NJR.

This action constitutes yet another attempt to circumvent the filing ban, and it will not be tolerated. Tidwell is a restricted filer in this District. Accordingly, consistent with the filing ban, this action will be immediately dismissed. The Court will refrain from imposing additional sanctions at this time. The Court warns Tidwell, once again, that further efforts to evade the subject filing ban may result in additional sanctions and the imposition of a filing fee, all in addition to the sanctions already imposed and to be paid before the filing ban is lifted.

The Court **DIRECTS** the Clerk of Court to **ADMINISTRATEVLY CLOSE** this action. No filing fee shall be assessed.

**IT IS SO ORDERED.**

**DATED: September 7, 2018**

<u>s/ MICHAEL J. REAGAN</u>
**United States Chief District Judge**